## James Monk, Appellant, v. Caseyville Railway Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by James Monk, plaintiff, against the Caseyville Railway Company, defendant, to recover damages alleged to have been caused by reason of an embankment constructed and maintained across lands of plaintiff without having sufficient openings through such embankment to allow the water coming from such lands to properly drain off.

Plaintiff owned thirty-seven acres of land known as the American Bottoms in St. Clair county, and it was through this tract of land that defendant constructed its railroad and built the embankment complained of by plaintiff. This land frequently overflowed. Plaintiff himself testified: "There is a lake or natural stream that flows through my land. It flows from Lansdowne through my land into the big lake. This embankment of the defendant railway company is built across that lake and they did not leave opening enough. They only put in a 36-inch pipe, and a 36-inch pipe will not drain a lake 200 feet wide and 8 or 9 feet deep." Defendant's railroad cut plaintiff's tract of land into two parts, one part lying on the north side of the track and the other on the south. The contention of plaintiff was that his crops were damaged on account of the water overflowing his land and that this condition obtained on both sides of the embankment. The land owned by plaintiff through which defendant's

railroad was constructed was practically flat, and the land had very little fall.

The second instruction was with reference to the credibility of witnesses and the weight to be given to their testimony. This instruction concluded by instructing the jury that if it appeared that any witness had knowingly or wilfully testified falsely to any material fact, the jury had the right to disregard the testimony of such witness, except in so far as it was corroborated by other credible testimony or by facts and circumstances proven on the trial.

The third instruction was to the effect that if the jury believed from the evidence that the lands of plaintiff had, prior to the construction of the embankment by the defendant, been subject to overflow, and if they believed the crops of plaintiff to have been injured and destroyed in the same manner and to as great an extent before as after the embankment had been constructed by defendant, they should find the defendant not guilty.

Defendant's fifth instruction was as follows: "The court instructs the jury that the plaintiff is seeking to recover in this suit for damages caused by the surface water being obstructed or interfered with by the embankment of the defendant; that even though you may believe from the evidence that said embankment did interfere with water coming upon the land of the plaintiff, and even though you may believe that because thereof plaintiff was so injured, yet, unless you may believe further from the evidence that the said water was surface water, your verdict should be for the defendant."

Defendant's sixth instruction was as follows: "The court instructs you that the defendant corporation is a railroad corporation, acting under legal authority and power to construct, maintain and operate its railway over and upon the lands in question; that in the con-

struction, operation and maintenance of its railway and embankments it is not a guarantor that its railway and embankments will be so constructed as to carry off or permit the carrying off of all the surface waters which might occur at times of such extraordinary and exceptional rainfall as has never occurred before, or such extraordinary or exceptional rainfalls, which, though they have occurred, may not reasonably be expected to recur.''

M. MILLARD and C. W. WIEDEMANN, for appellant.

A. H. BAER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 350*—*when evidence is sufficient to show that construction of embankment over stream is not cause of overflow.* In an action for damages against a railroad company for overflowing of lands, claimed to have been due to a railroad embankment constructed through said lands, where the evidence showed the embankment was built across a lake or natural stream eight or nine feet deep with a 36-inch pipe running through the embankment, by reason of which the water sometimes stood higher on one side and sometimes higher on the other side, with quite a current through the pipe, and the lands of the plaintiff on either side of the embankment were practically flat with little fall, so that at times of heavy rainfall all of the lands in that locality were flooded, *held* that the jury were warranted in finding that the embankment did not cause the water to back on the plaintiff's land, but that the overflow was on account of natural conditions.

2. INSTRUCTIONS, § 96*—*when not erroneous on right of jury to discredit testimony of witness testifying falsely.* An instruction in effect that if the jury believe from the evidence that any witness has wilfully testified falsely to any material fact they may discredit his testimony except in so far as corroborated by other credible testimony or by the facts and circumstances appearing on the trial, *held* not erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. RAILROADS, § 352*—*when instruction in action for damages for overflowing of land caused by embankment is not erroneous.* In an action for damages for overflowing of lands claimed to have been due to a railroad embankment, where an instruction was given to the effect that if the jury believe from the evidence that the plaintiff's lands had, prior to the construction of said embankment by the defendant, been subject to overflow and the crops of plaintiff to have been injured and destroyed in the same manner and to as great an extent before as after the construction of said embankment, they should find the defendant not guilty, *held* said instruction was faulty in form but there was no error in giving same, as if the jury found from the evidence the matters stated in said instruction it would have been their duty to have found the defendant not guilty.

4. APPEAL AND ERROR, § 1552*—*when giving of ambiguous instruction is harmless error.* Where an instruction is not clear in its statements and its meaning is somewhat ambiguous, but no particular error therein is pointed out by counsel whereby such instruction could have injured the party against whom the verdict was rendered, and under the evidence the jury could not have been misled thereby to such party's hurt, the giving of such an instruction is not ground for reversal.

5. INSTRUCTIONS, § 63*—*when not erroneous as assuming facts.* The giving of an instruction on behalf of a defendant to the effect that the defendant was a railroad corporation and as such had the right and legal authority to construct its railroad across the lands of the plaintiff was not erroneous as assuming facts, where the plaintiff himself had testified that he had sold the right of way to the defendant for railway purposes.

6. RAILROADS, § 352*—*when instruction as to nonliability of for overflow due to construction of embankment over stream is not seriously erroneous.* An instruction given on behalf of a railroad company sued for damages for overflowing of the plaintiff's lands, stating that "in the construction, operation and maintenance of its railway and embankments it is not a guarantor that its railway and embankments will be so constructed as to carry off or permit the carrying off of all the surface waters which might occur at times of such extraordinary and exceptional rainfall as has never occurred before, or such extraordinary or exceptional rainfalls which, though they have occurred, may not reasonably be expected to recur," *held* not seriously erroneous.

7. APPEAL AND ERROR, § 1752*—*when judgment affirmed because of defective abstract.* Where an abstract is tendered on an appeal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which wholly fails to comply with the rules laid down by the Appellate Court covering the preparation of abstracts, as when it fails to abstract the pleadings or refer to the same, and the index refers to the record alone and not to the abstract, affirmance of the judgment without consideration of the case on its merits is warranted.

8. APPEAL AND ERROR, § 1712*—*what errors are waived.* Errors assigned but not argued are taken as waived under the rules of court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.